## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

BEVERLY A. T.,                    )
                                  )
      Plaintiff,             )
                                  )
v.                                )
                                  )     Case No. 23-cv-00050-SH
MARTIN J. O'MALLEY,[1]            )
Commissioner of Social Security,  )
                                  )
      Defendant.             )

## OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Beverly A. T. requests judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381-1383f.  In accordance with 28 U.S.C. § 636(c), the parties have consented to proceed before a United States Magistrate Judge.  For the reasons explained below, the Court **AFFIRMS** the Commissioner's decision denying benefits.

## I.     Disability Determination and Standard of Review

Under the Act, an individual is disabled if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  The impairment(s) must be "of such severity that [the claimant] is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and

---

[1] Effective December 20, 2023, pursuant to Fed. R. Civ. P. 25(d), Martin J. O'Malley, Commissioner of Social Security, is substituted as the defendant in this action.  No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* § 1382c(a)(3)(B).

Social Security regulations implement a five-step sequential process to evaluate disability claims. 20 C.F.R. § 416.920. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Under the five-step process, the Commissioner inquires into: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe medically determinable impairment(s); (3) whether the impairment meets or equals a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the claimant can still do her past relevant work; and (5) considering the RFC and other factors, whether the claimant can perform other work. *Id.* § 416.920(a)(4)(i)-(v). Generally, the claimant bears the burden of proof for the first four steps. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At the fifth step, the burden shifts to the Commissioner to provide evidence that other work the claimant can do exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2).

Judicial review of the Commissioner's final decision is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a scintilla but means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The

Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," *Grogan*, 399 F.3d at 1262, but it will neither reweigh the evidence nor substitute its judgment for that of the Commissioner, *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).  Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Background and Procedural History

Plaintiff protectively applied for Title XVI disability benefits on June 15, 2020. (R. 268-74.)  Plaintiff alleges she has been unable to work since May 17, 2019, due to stomach problems, difficulties eating, high blood pressure, high cholesterol, diabetes, migraines, nerve pain, depression, anxiety, and sleeping problems.  (R. 268, 282.) Plaintiff was 51 years old at the time of the ALJ's decision.  (R. 29, 268.)  Plaintiff has a 10th grade education and has no past relevant work.  (R. 58, 282-84.)

Plaintiff's claim for benefits was denied initially and on reconsideration.  (R. 184-88, 192-96.)  Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ").  (R. 48-83, 197-99.)  On January 5, 2022, the ALJ denied benefits and found Plaintiff not disabled.  (R. 11-29.)  The Appeals Council denied review on July 27, 2022 (R. 1-3), rendering the Commissioner's decision final, 20 C.F.R. § 416.1481.  Plaintiff appeals.

## III.    The ALJ's Decision

In his decision, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his application date of June 15, 2020.  (R. 13.)  At step two, the ALJ found Plaintiff had the severe impairments of inflammatory arthritis,

depression, anxiety, post-traumatic stress disorder, irritable bowel syndrome ("IBS"), and diabetes mellitus with neuropathy and gastroparesis.  (*Id.*)  At step three, the ALJ found Plaintiff's impairments had not met or equaled a listed impairment.  (R. 15-17.)

The ALJ then determined Plaintiff had the RFC to perform "light work as defined in 20 C.F.R. § 416.967(b)" with various physical and exertional limitations, and the following mental limitations:

> [The claimant] can apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  The claimant can deal with problems involving several concrete variables in or from standardized situations.  The work would need to be repetitive, routine, and rote instructions.  She can have occasional contact with coworkers and supervisors.  She can have cursory and superficial contact with the general public.  The job should not have strict productions standards such as fast paced team, assembly line work, or poultry processing.

(R. 17.)  The ALJ then provided a summary of the evidence that went into this finding.  (R. 17-27.)  At step four, the ALJ found Plaintiff had no past relevant work.  (R. 27.)  At step five, based on the testimony of a vocational expert ("VE"), the ALJ found Plaintiff could perform other work that existed in significant numbers in the national economy, such as housekeeping cleaner, photocopying machine operator, and office helper.  (R. 27-28.)  Accordingly, the ALJ concluded Plaintiff was not disabled.  (R. 28-29.)

## IV.  **Issues**

Plaintiff asserts the ALJ erred by: (1) failing to resolve an inconsistency between the RFC and step-five jobs (ECF No. 8 at 4-6); (2) failing to "properly evaluate all of the evidence" in her file (*id.* at 6-8); and (3) failing to properly consider the prior administrative medical findings (*id.* at 9-12).  Along the way, Plaintiff also alleges she was denied due process, because certain documents were not in the record.  (*Id.* at 9.)  Then, in reply, Plaintiff improperly raises an entirely new argument—that the housekeeping

cleaner job "requires the performance of personal services," when her RFC limits her public contact.[2]  (ECF No. 11 at 1.)  Plaintiff has failed to show reversible error, and the Court affirms the decision below.

## V.    Analysis

### A.    Inconsistency between the RFC and Step-Five Jobs

Plaintiff offers two different inconsistency arguments.  First, Plaintiff argues that the step-five jobs require production-rate pace, making them inconsistent with the RFC for no "strict productions standards such as fast paced team, assembly line work, or poultry processing." (ECF No. 8 at 4.) Second, Plaintiff argues that two of the jobs require a reasoning level of more than 1, while the RFC limits her to "repetitive, routine, and rote instructions." (*Id.* at 4-6.)  Both arguments fail.

#### 1.    Production-Rate Pace

None of the step-five jobs require production-rate pace.  At step five, the ALJ found Plaintiff could perform three jobs, each of which has an entry in the Dictionary of Occupational Titles (4th ed. 1991) (the "DOT"): (1) housekeeping cleaner, DOT § 323.687-014, 1991 WL 672783; (2) photocopying-machine operator, DOT § 207.685-014, 1991 WL

---

[2] Plaintiff's counsel misapprehends the role of reply briefs.  Under this Court's local rules and procedures, "[i]f the defendant raises new issues that were not addressed in the plaintiff's opening brief, the plaintiff may file a three-page reply brief that addresses only the new issues raised by Defendant." *Admin. Proc. for Soc. Sec. Actions under 42 U.S.C. § 405(g)*, https://www.oknd.uscourts.gov/administrative-procedures-actions-under-42-usc-405g; *see also* LCvR 5-1.  Defendant's refutation in its response of Plaintiff's opening argument does not "open the door" for Plaintiff to craft new arguments in reply.  The Court is under no obligation to consider this late argument.  *Cf. M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.").  However, it is easily disposed of, and the Court does so below. !

671745; and (3) office helper, DOT § 239.567-010, 1991 WL 672232.  All three jobs fall in

the category of "light work," which is defined in the DOT's "definition trailer."  DOT app.

C, 1991 WL 688702.  As the definition trailer explains,

> Following are descriptions of the five terms in which the Strength Factor is expressed:
>
> . . .
>
> L - Light Work - Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects.  Physical demand requirements are in excess of those for Sedentary Work.  Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.
>
> NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.
>
> . . .

*Id.*  When the DOT assigns a certain strength level to a job, it conveniently includes the

appropriate definition from the trailer with the job description.  So, here, the jobs listed

noted that light work generally involves carrying heavier weights at times (20 pounds

occasionally and 10 pounds frequently) or it involves negligible weights constantly, such

as during production-rate work.  By itself, this definition does not specify that a particular

job involves which kind of light work (less lifting of heavier weights or constant lifting of

lighter weights).  There is no apparent conflict between the RFC and these three jobs.

As such, and as the hypothetical question to the VE included the production

limitation, "the VE's answer to that question provided a proper basis for the ALJ's

disability decision." *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000).  There is no error.

### 2.    Repetitive, Routine, and Rote Instructions

Plaintiff next argues that the RFC is internally inconsistent and, in effect, requires that she only be assigned jobs with level 1 reasoning.  (ECF No. 8 at 4-5.)  As such, Plaintiff argues all but the housekeeping cleaner jobs are eliminated.  (*Id.* at 5-6.)  The Court does not credit Plaintiff's arguments.  However, even if Plaintiff were correct, there would be no reversible error, because—as a matter of law—there are a significant number of housekeeping cleaner jobs in the national economy.

Under the Act, substantial gainful work exists in the national economy when it "exists in significant numbers either in the region where [the claimant] lives or in several regions of the country."  42 U.S.C. § 1382c(a)(3)(B); *see also* 20 C.F.R. § 416.966(a).  Determining what constitutes a significant number of jobs is normally a question of fact for the ALJ to decide based on "common sense in weighing the statutory language as applied to a particular claimant's factual situation."  *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992)).  However, a reviewing court may supply a missing dispositive finding of fact under the rubric of harmless error where "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."  *Allen*, 357 F.3d at 1145.

An ALJ's inclusion of conflicting jobs at step five is harmless error where the remaining nonconflicting jobs exist in sufficiently significant numbers in the national

economy.  *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished).[3]  The

Tenth Circuit has recognized that jobs in excess of 152,000 are sufficient to allow a finding

of harmless error.  *See Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016)

(unpublished) (citing *Stokes*).  Here, the housekeeping cleaner job (237,448 jobs) easily

surpasses that threshold.  Plaintiff has failed to identify a reversible error.

### B.     The ALJ's Evaluation of Evidence in the Record

Plaintiff next contends the ALJ erred in his consideration of the record evidence

by improperly rejecting certain medical evidence from before the relevant period.  (ECF

No. 8 at 6-8.)  For each piece of evidence, the ALJ noted that, while the evidence was

considered in the ALJ's decision, "these records are prior to [Plaintiff's] alleged onset

date" and are subsequently "not pertinent to the period of disability in question."  (R. 18-

19.)

An ALJ has a duty to consider all record evidence, even evidence from before a

claimant's onset date.  *See Lackey v. Barnhart*, 127 F. App'x 455, 458 (10th Cir. 2005)

(unpublished) ("No authority is cited for the proposition that medical reports prior to the

operative onset date are categorically irrelevant and, indeed, our precedent is to the

contrary.").  Here, the ALJ considered all the evidence, and Plaintiff arguments fail on

this basis alone.  *See, e.g., Arterberry v. Berryhill,* 743 F. App'x 227, 230 (10th Cir. 2018)

(unpublished) (noting the ALJ need not discuss the opinion of prior-period consultative

examiner); *see also Tiffany L. D. v. Kijakazi*, No. 20-CV-00342-GKF-SH, 2022 WL

2612232, at *3 (N.D. Okla. Feb. 16, 2022) (finding no error where ALJ considered but did

---

[3] Unpublished decisions are not precedential, but they may be cited for their persuasive
value.  10th Cir. R. 32.1(A).

not discuss evidence that predated the plaintiff's alleged onset date).  Plaintiff does not show that the ALJ's decision is unsupported by substantial evidence.

### C.     The ALJ's Consideration of Prior Administrative Medical Findings

Without pointing to any specific portions of the ALJ's decision, Plaintiff generally alleges the ALJ failed to articulate how he evaluated the supportability and consistency of the prior administrative medical findings of the agency reviewers.  (ECF No. 8 at 9-10; ECF No. 11 at 3.)  Plaintiff also complains that the ALJ incorrectly found her capable of reasoning level 3, when the findings of the agency reviewers—if accepted by the ALJ— would have limited her to reasoning level 1 or 2.  (ECF No. 8 at 11-12.)  Even if credited, Plaintiff's arguments show no reversible error.

Plaintiff's complaints relate to the ALJ's consideration of prior administrative medical findings, i.e., findings about a medical issue from the agency medical and psychological consultants at a prior level of review, 20 C.F.R. § 416.913(a)(5).  What the ALJ considers when evaluating such findings and what the ALJ must articulate about that consideration is set out in detail in the regulations.  *See* 20 C.F.R. § 416.920c.

But, none of this matters.  Even <u>if</u> the ALJ failed to correctly articulate how he evaluated the persuasiveness of the prior findings, Plaintiff has shown no harm resulting from that error.  For example, on the physical findings, Plaintiff does not dispute that the ALJ rejected the prior findings in her favor—limiting her to light work with postural limitations, instead of medium work.  (R. 26.)  For the mental findings, Plaintiff argues that—if analyzed correctly—the ALJ would have found her limited to reasoning level 1 or 2.  But, every step-five job fell within this range.  *See* DOT § 323.687-014 (housekeeping cleaner, reasoning level 1);  DOT § 207.685-014 (photocopying-machine operator,

reasoning level 2); DOT § 239.567-010 (office helper, reasoning level 2).  If any error occurred, Plaintiff was not harmed.

### D.    Due Process

While not listed as an error, Plaintiff argues that her due process rights were violated, because the agency reviewers considered evidence that is not in the administrative record and that the ALJ did not review.  (ECF No. 8 at 9.)  "Social security hearings are subject to procedural due process considerations."  *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005).  To succeed on a due process claim, the plaintiff must establish prejudice.  *Mays v. Colvin*, 739 F.3d 569, 573 (10th Cir. 2014).  Prejudice generally requires some fundamentally unfair element, the absence of which would have likely resulted in a different outcome.  *Id.* at 573-74 (finding no due process violation because plaintiff did not show a likelihood of a different result).  "[T]here is no per se due process violation simply because the record is incomplete[.]"  *Brewer v. Astrue*, No. 11-CV-295-PJC, 2012 WL 896238, at *3 (N.D. Okla. Mar. 15, 2012).  Instead, the key inquiry is whether the Court can "exercise meaningful or informed judicial review from the incomplete record."  *Id.*  Remand is not required when "the missing information is immaterial to or not relied upon in the ALJ's decision."  *Id.*

Plaintiff argues her due process rights were violated because the record does not include a March 2019 medical source statement and records from a 2014 consultative examination.  (ECF No. 8 at 9.)

A claimant is responsible for providing evidence in support of their disability.  *See* 20 C.F.R. § 404.1512(a).  "The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability."  *Branum v. Barnhart*, 385 F.3d 1268,

1271 (10th Cir. 2004).  Still, the ALJ has a basic obligation in every social security case to develop an adequate record consistent with the issues raised.  *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008).  "The duty is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's own version of those facts." *Id.* (quoting *Henrie v. U.S. Dep't of Health & Hum. Servs.,* 13 F.3d 359, 361 (10th Cir. 1993)).  While this duty applies even when the claimant is represented by counsel, *id.*, in such cases, the ALJ ordinarily can rely on that counsel to identify any issues requiring further development, *Branum*, 385 F.3d at 1271.  A claimant may not "rest on the record" and "exhort the ALJ that the case is ready for decision," then "later fault the ALJ for not performing a more exhaustive investigation."  *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008).  As such, reversal is not ordinarily appropriate where a claimant's counsel has affirmatively submitted to the ALJ that the record is complete.  *Id.*

In this case, Plaintiff's counsel assured the ALJ that the record was complete but for some <u>later</u> evidence that she was still trying to locate.  (R. 50-52.)  The ALJ then gave Plaintiff an additional ten days to complete the record with this information (R. 52.)  However, the ALJ's decision indicates that no additional documents were submitted (R. 11), and Plaintiff does not dispute this.  Plaintiff's counsel never requested the 2019 medical source statement or 2014 consultative examination be included in the record.  Plaintiff cannot now complain that the record was incomplete.

In any event, Plaintiff has failed to demonstrate how the inclusion of this evidence would have likely resulted in a different outcome, particularly given that the evidence predates the relevant time period.

### E.     The Housekeeping Cleaner Job and Personal Services

Finally, for the first time in her reply, Plaintiff argues that there is an inconsistency between the job of housekeeping cleaner, which requires an individual to "render[] personal assistance to patrons[,]" and the RFC limitation of "cursory and superficial contact with the general public." (ECF No. 11 at 1.)  Even if properly raised, this argument would fail.  The job of housekeeping cleaner involves a "people" rating of 8, DOT § 323.687-014, which is the "lowest possible level of human interaction that exists in the labor force," *Lane v. Colvin*, 643 F. App'x 766, 770 n.1 (10th Cir. 2016) (unpublished).  Further, the DOT notes that the need for "Taking Instructions-Helping" is "Not Significant."   DOT § 323.687-014.   There is no apparent conflict between the housekeeping cleaner job, and Plaintiff's RFC limitation of cursory and superficial public contact.  *See Ashley I. S. C. v. Kijakazi*, No. 22-cv-00201-SH, 2023 WL 5628598, at *5 (N.D. Okla. Aug. 31, 2023) (finding no conflict between housekeeping cleaner job and RFC limitation of incidental contact with public).

## VI.    Conclusion

The ALJ's decision finding Plaintiff not disabled is **AFFIRMED**.

**SO ORDERED** this 27th day of March, 2024.

_____
Susan E. Huntsman, Magistrate Judge
United States District Court